UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.R.,<br><br>            Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>            Defendant. | Case No. 22-cv-00516-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 21 |

## I.  INTRODUCTION

Katherine Siegfried ("Counsel"), who represented S.R. in this matter under a contingency fee agreement, brings a Motion for Award of Attorney' Fees Under 42 U.S.C. § 406(b) ("Motion"), seeking an award of $31,542.00 in attorney fees for work before this Court. For the reasons stated below, the Motion is GRANTED. [1]

## II. BACKGROUND

S.R. entered into a contingent fee agreement with counsel providing that counsel would be awarded 25% of all past-due benefits S.R. received as a result of this action. Siegfried Decl. ¶ 4 and dkt. no. 21-3 (Fee Agreement). S.R. initiated this action to seek review of the final decision by the Commissioner of the Social Security Administration ("the Commissioner") denying their application for disability insurance benefits under Title II of the Social Security Act. After S.R. filed a motion for summary judgment, the Commissioner stipulated to a voluntary remand of the case for further proceedings, and upon remand, S.R. was found to be disabled and awarded past-due benefits in the amount of $126,168.70. Siegfried Decl. ¶ 6 and dkt. no. 21-2 (Notice of

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1   Award). The Commissioner withheld $31,542.18, which is 25% of the past due benefits awarded,

2   for attorneys' fees incurred in this case. *Id.*

3         On October 31, 2022, this Court approved a stipulated award of $10,500 in fees and $402

4   in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Dkt. no. 20.  In

5   the Motion, counsel requests a fee of $31,542.00 under the contingency fee contract and 42 U.S.C.

6   § 406(b), noting in the Motion that if her request for fees under Section 406(b) is granted, the

7   $10,500 in fees awarded pursuant to the EAJA stipulation would be paid to S.R.  The amount

8   requested in the Motion constitutes 25% of the past due benefits awarded by the Commissioner.

9   Counsel has offered time records showing that the total attorney time spent on the case was 50.55

10  hours. Dkt. no. 21-4.  Thus, counsel seeks fees at an effective hourly rate of $623.98.

11        In the Motion, counsel argues that her request is reasonable under *Gisbrecht v. Barnhart*,

12  535 U.S. 789, 122 (2002) because S.R. entered into a valid contingent fee agreement with Counsel

13  and that agreement required Counsel to assume the risk that she would receive no compensation

14  for the time spent representing S.R. in this action if S.R. did not prevail.  She further asserts that

15  the amount she requests in fees is reasonable in light of the services performed and the result

16  obtained.  The Commissioner did not file a response to the Motion.

## III.   ANALYSIS

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406.  . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht*, 535 U.S. at 793–94.  Subsection 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due

benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht* 535 U.S. at 808). In this analysis, courts "generally have been deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency fee arrangements," noting that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

In addition to the fees permitted under § 406(b), the EAJA, enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). In contrast to fees awarded under § 406(b), EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. § 2412(d)(1)(B). In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.'" 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)). Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

1  The Court finds Counsel's request to be reasonable under *Gisbrecht*. First, Counsel has
2  presented a valid contingent fee agreement that provides for attorneys' fees in the amount of 25%
3  of past due benefits awarded to S.R. in the event S.R. prevails in this case. Second, she has
4  supplied a timesheet documenting hours worked, which the Court finds to be reasonable. Third,
5  there is no evidence that Counsel's work was substandard or that the fee award is disproportionate
6  to the amount of work on the case. Rather, counsel obtained an excellent result for her client. The
7  Court further finds that the effective rate of $623.98/hour is within the range of what courts have
8  approved in recent years. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 1153 (9th Cir. 2009)
9  (approving de facto hourly rates of $519, $875, and $902 in 2009); *Reddick v. Berryhill*, 16-CV-
10 29-BTM-BLM, 2019 WL 1112080, at *2–3 (S.D. Cal. Mar. 11, 2019) (collecting cases and
11 approving de facto hourly rate of $1,080).

The Court notes, however, that the EAJA award, which was awarded to cover fees and costs, should be paid in full, that is, in the amount of $10, 902 (rather than $10,500) to S.R.

**IV.   CONCLUSION**

For the reasons stated above, the Motion is GRANTED. Counsel is awarded $31,542.00 in fees. The EAJA fees previously awarded to counsel in this case, in the amount of $10,902, shall be paid to S.R.

**IT IS SO ORDERED.**

Dated: June 5, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge